**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MAJOR SINGH, | ) | CASE NO. 4:26-CV-01426-MJH |
| | ) | |
| Plaintiff, | ) | JUDGE MICHAEL J. HENDERSHOT |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| ATTORNEY GENERAL, | ) | CARMEN E. HENDERSON |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant, | ) | |

## I. Introduction

Pending before the Court is Petitioner Major Singh's Petition for a Writ of Habeas Copus under 28 U.S.C. § 2241, challenging his detention by Immigration and Customs Enforcement ("ICE").[1] (ECF No. 1). The matter was referred to the undersigned for report and recommended decision. (ECF No. 11). For the reasons set forth below, it is RECOMMENDED that the Court GRANT the petition.

## II. Background

Petitioner, a native and citizen of India, entered the country in April 2023. (*See* ECF No. 13 at 1; ECF No. 13-1). Since that time, he has been the subject of removal and asylum proceedings but was not in custody until his arrest for driving with fictitious license plates on October 23, 2025, after which he was taken into custody by ICE on October 26, 2025. (ECF No. 13 at 2; *see* ECF

[1] While Petitioner names the United States Attorney General as the Respondent, the response indicates that "[i]n the ICE habeas context," the person having custody of the detainee—who is the proper respondent—is the Field Office Director for ICE. (ECF No. 13 at 1 n.1). However, Respondent does not identify the Field Office Director by name, request substitution, or otherwise challenge Petitioner's failure to name the proper respondent.

No. 13-2). On February 20, 2026, an immigration judge denied Petitioner's application for asylum and ordered him removed to India. (ECF No. 13 at 2; ECF No. 13-3). Petitioner appealed this decision to the Board of Immigration Appeals and that appeal remains pending as of October 26, 2026. (ECF No. 13 at 2; *see* ECF No. 13-4).

Petitioner filed the instant petition on or about June 18, 2026, alleging that he has not been given a bond hearing to determine the validity of his continued detention. (ECF No. 1). Petitioner asks the Court "to order [a] prompt hearing for bond under immigration laws … or release without bond by determining Petitioner's detained period." (*Id.* at PageID #: 7). Since filing his petition, Singh has submitted additional letters and a declaration to the Court, which seem to outline circumstances relevant to his underlying asylum claim; detail threats he has received while in custody; and challenge the conditions of his confinement. (*See* ECF Nos. 7, 10, 12).

On August 27, 2026, the undersigned entered an initial order instructing Respondent to file an answer to the petition within sixty days. (ECF No. 9). Respondent filed a response on October 26, 2026, arguing the Court "should dismiss the Petition because Petitioner has failed to exhaust his administrative remedies since he has not actually requested a bond hearing with the Executive Office for Immigration Review." (ECF No. 13 at 1).

The day after Respondent's response was filed, the Court received a motion to expedite consideration from Petitioner. (ECF No. 14). Because Petitioner has expressed a desire to have his case considered promptly and in light of the arguments presented by Respondent, the undersigned considers the matter ripe for resolution even though Petitioner's deadline to file a traverse has not expired.

**III. Discussion**

Although not directly at issue in this case, a brief discussion of the changing landscape

surrounding ICE detentions helps frame the undersigned's analysis of the issues here.

> On July 8, 2025, ICE, in coordination with the United States Department of Justice, announced a new government policy. Under this new policy, noncitizens who have resided in the United States for over two years and who are apprehended in the interior of the country are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). For decades prior to the announcement of this policy, DHS afforded those same persons bond hearings under 8 U.S.C. § 1226(a).

*Rodriguez Insua v. Noem*, No. 4:26-cv-437, 2026 WL 668304, at *1 (N.D. Ohio Mar. 10, 2026). Following this policy change, courts across the country were required to address which statute governed detention of these individuals—like Petitioner—because such determined whether they were entitled to a bond hearing. On May 11, 2026, the Sixth Circuit concluded that § 1226(a) applied such that these individuals were entitled to a bond hearing. *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026).

Consistent with *Lopez-Campos*, Respondent concedes that "Petitioner is currently detained pursuant to 8 U.S.C. § 1226(a) and is thus entitled to a bond hearing." (ECF No. 13 at 4). Respondent's entire argument is that Petitioner should be required to make an explicit request for a bond hearing before seeking relief from this Court and because he failed to do so, this Court should deny the petition. (*Id.* at 2-4). While "Respondent acknowledges that exhaustion is discretionary here," he cites a three-prong test articulated by the Ninth Circuit in *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007), and argues that "[a]llowing Petitioner to skip the proper procedures for bond hearings will only serve to flood courts with habeas petitions seeking relief that can be obtained administratively." (*Id.* at 3-4).

"The exhaustion doctrine both allows agencies to apply their special expertise in interpreting relevant statutes and promotes judicial efficiency." *Shearson v. Holder*, 725 F.3d 588, 593 (6th Cir. 2013) (citation modified). "When Congress has not clearly required exhaustion, sound judicial discretion governs whether or not exhaustion should be required." *Id.* at 594

(citation modified). However, "exhaustion may not be required when the administrative remedy does not serve the purposes behind the exhaustion doctrine, if the administrative remedies are inadequate or not efficacious, or where pursuit of administrative remedies would be a futile gesture." *Id.*

Here, the undersigned concludes Petitioner's failure to exhaust his administrative remedies should be excused. Importantly, as detailed above, when Petitioner's detention began in October 2025, the government took the position that individuals like Petitioner were subject to mandatory detention and thus not entitled to a bond hearing. While the *Lopez-Campos* decision has now clarified that § 1226 applies within the Sixth Circuit, the issue remains the subject of a circuit split and the Supreme Court has granted certiorari to address the issue. *See Rhoney v. Barbosa da Cunha*, __ S.Ct. __, 2026 WL 2942994 (Oct. 1, 2026). Further, *Lopez-Campos* was not decided until May 11, 2026, almost seven months after Petitioner's detention began and only a month before he filed his petition. In light of the government's policy prior to *Lopez-Campos* and given the ongoing split of authority, it is likely any request for a bond hearing would have been denied such that exhaustion would have been a futile gesture.

While Respondent argues that excusing exhaustion will encourage others to flood the courts with habeas petitions, the undersigned disagrees. Notably, Petitioner here is simply requesting what Respondent acknowledges he is entitled to under *Lopez-Campos*—a bond hearing. (*See* ECF No. 1, PageID #: 7). This is not a situation like in *Wang v. Warden of Adelanto ICE Processing Ctr.*, No. 5:26-cv-04790, 2026 WL 2585530, at *1 (C.D. Cal. Sep. 1, 2026), which Respondent cites, where a petitioner is seeking "immediate release." Rather, in this case it appears that whether the Court grants the petition and orders that Petitioner receive a bond hearing or concludes that Petitioner has failed to exhaust his administrative remedies by failing to request

such a hearing (which would likely prompt him to make such a request), the ultimate end result would be the same—Petitioner would receive a bond hearing. Nor does the undersigned believe that requiring Petitioner—who did not have the guidance of *Lopez-Campos* at the time of his initial detention and arguably was not aware of it until after the petition was filed—will encourage individuals to flood the court with habeas petitions requesting a bond hearing now that the Sixth Circuit has recognized their right to such.

Because Petitioner simply seeks a bond hearing and Respondent recognizes that Petitioner is entitled to such a hearing, recommending that the Court deny the petition and require that Petitioner exhaust his administrative remedies will only serve to delay the ultimate result. Thus, the petition should be granted to ensure Petitioner receives a prompt hearing.

## IV. Recommendation

For the reasons discussed above, it is recommended that the Court grant Singh's petition and order Respondents to provide Singh with an individualized bond hearing before an immigration judge within seven days of an order adopting this Recommendation.

Dated: November 4, 2026

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

---

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).